CARROLL, Judge
(concurring in part and dissenting in part).
Here, out of a large number of items involved in a contract for irrigation equipment, parts known as “twist collars” on 2,220 of the equipment units were defective, in recognition of which the seller had agreed to reimburse the purchaser (counterclaim) for its “labor cost and travel expense” for the needed repair or alteration thereof.
At the time the defendant was required to plead, it had repaired 820 of the defective units, and therefore had tangible evidence of the repair cost of that number. However, since defendant’s claim for damages incident to the defective twist collars represented a matter arising out of the transaction upon which the plaintiff had brought suit, the defendant was required, under the compulsory counterclaim rule (1.170(a), Rules of Civil Procedure, 30 F.S.A.), to counterclaim for the damages it claimed for all defective twist collars (including the 1,400 not yet repaired).
I concur in the majority’s affirmance of that part of the trial court’s judgment which awarded damages to the counterclaimant for its expenses in repairing 820 of the defective twist collars, based on evidence consisting of certain records of the expense incurred in repairing or altering them.
I am impelled to dissent from the ruling of the majority which held that the unit cost of repair as disclosed by the (acceptable) evidence of the expense of repairing or altering the 820 twist collars, could not properly be applied as evidence for determining the expense per unit which would be involved in similarly repairing or altering the additional 1,400 twist collars which appeared to be defective in the same respect.
If the evidence of cost of repairs previously made had related to only a few of the defective twist collars, I could agree that the cost of their repair might not be considered reliable to establish the per unit repair cost which would be encountered in *28 later repairing the large number of items involved, notwithstanding all were similarly defective. But, in my opinion the demonstrated cost of repair of more than one third of the total number of the defective units was properly regarded by the trial court to furnish an acceptable evidentiary standard for determining the reasonable and necessary per unit repair cost for the remaining 1,400.
For the reasons stated I would affirm the judgment entered on the counterclaim granting (repair cost) damages for all 2,220 defective twist collars, and not remand the cause for new trial on damages regarding the 1,400 which had not been repaired by the time of pleading and judgment.